IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ERIK PATINO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CR. NO. 15-00658 DKW<br>CV. NO. 19-00449 DKW-WRP<br><br>**ORDER (1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; AND (2) DENYING CERTIFICATE OF APPEALABILITY** |

On August 20, 2019, Petitioner Erik Patino, proceeding pro se, filed a motion to vacate, set aside, or correct his sentence ("the Section 2255 Motion"), arguing that his conviction under 18 U.S.C. § 924(c) should be vacated in light of the U.S. Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). Dkt. No. 19.[1]  However, while Patino was convicted under Section 924(c), he was **not** convicted under the part of that statute found unconstitutional in *Davis*. As further discussed below, the Section 2255 Motion is, therefore, entirely misplaced and must be DENIED. The same is true of any request for a certificate of appealability.

---

[1]Unless otherwise noted, the Court cites herein to docket numbers in Patino's underlying criminal case, No. 15-CR-658 DKW.

## STANDARD OF REVIEW

Under Section 2255 of Title 28 of the United States Code (Section 2255), "[a] prisoner in custody under sentence of a court established by Act of Congress … may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). The statute authorizes the sentencing court to grant relief if it concludes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" *Id*.

## DISCUSSION

Here, contrary to Patino's assertions in the Section 2255 Motion, his sentence was not imposed in violation of the Constitution or laws of the United States, as interpreted in *Davis*. The reason is straightforward. In *Davis*, the Supreme Court concluded that the part of Section 924(c) that enhances a defendant's sentence for possessing a firearm in furtherance of a *crime of violence* was unconstitutional when the *crime of violence* is an offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Davis*, 139 S.Ct. at 2336. In other words, the Supreme Court determined that Section 924(c)(3)(B)

was unconstitutionally vague. *Id.* Patino, however, was not convicted of possessing a firearm in furtherance of an offense involving a substantial risk of physical force against another. In fact, Patino was not even convicted of possessing a firearm in furtherance of a *crime of violence*. Instead, Patino pled guilty to, and was convicted of, possessing a firearm in furtherance of a *drug trafficking crime* under Section 924(c)(1)(A)(i). *See* Dkt. Nos. 8, 17.[2] In other words, Section 924(c)(3)(B) had nothing to do with Patino's conviction and, thus, *Davis* affords him no relief. Further, because Patino raises no other claims and no other reasons for why his conviction should be vacated, the Section 2255 Motion is denied.[3] For the same reasons, Patino is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (providing that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right.").[4]

---

[2]In a separate criminal proceeding against Patino, he also pled guilty to, and was convicted of, attempting to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine. *See* Dkt. No. 8; *see also* Case No. 15-CR-58 DKW, *United States v. Patino*, Dkt. No. 33.

[3]The Court notes that the deadline for Patino to file a reply in support of the Section 2255 Motion was February 18, 2020. *See* Dkt. No. 24. However, no reply has been filed, and given the nature of the legal issue presented, the Court frankly sees no circumstance where a reply would, in any event, matter.

[4]Patino is also not entitled to an evidentiary hearing. *See* 28 U.S.C. 2255(b) (providing that a hearing should be held unless the record conclusively shows that the prisoner is entitled to no relief).

# CONCLUSION

For the foregoing reasons, the Court DENIES the Section 2255 Motion, Dkt. No. 19.  In addition, the Court DENIES a certificate of appealability.  The Clerk is directed to enter Judgment in favor of Respondent, the United States of America, and then close Case No. 19-cv-449-DKW-WRP.

IT IS SO ORDERED.

Dated: February 21, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Erik Patino v. United States of America*; Criminal No. 15-00658 DKW; Civil No. 19-00449 DKW-WRP; **ORDER (1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; AND (2) DENYING CERTIFICATE OF APPEALABILITY**